# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22069-Civ-SCOLA/TORRES

TOKIO MARINE SPECIALTY INSURANCE
COMPANY, a foreign corporation,

      Plaintiff,

v.

STEVEN RAMOS, ADRIAN LEON,
JORGE DANIEL, and
ACTION RENTALS LLC,

      Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Tokio Marine Specialty Insurance Company's ("Plaintiff") motion to strike portions of Jorge Daniel's ("Mr. Daniel") affirmative defenses. [D.E. 29]. Mr. Daniel responded to Plaintiff's motion on September 11, 2019 [D.E. 33] to which Plaintiff replied on September 18, 2019. [D.E. 35]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion to strike is **GRANTED in part** and **DENIED in part**.[1]

---

[1] On September 16, 2019, the Honorable Robert N. Scola referred Plaintiff's motion to the Undersigned Magistrate Judge for disposition. [D.E. 34].

## I. BACKGROUND

Plaintiff filed this action on May 22, 2019 seeking a declaratory judgment that it has no duty to defend or indemnify Steven Ramos ("Mr. Ramos") or Adrian Leon ("Mr. Leon") for the claims asserted against them in Florida State court.[2] [D.E. 1]. The plaintiff in the underlying action, Mr. Daniel, alleges that Mr. Ramos and Mr. Leon were grossly negligent when Mr. Daniel was injured in a forklift accident. Mr. Ramos' and Mr. Leon's employer at the time of the accident was Plaintiff's insured, Action Rentals LLC ("Action Rentals"). One of the issues in the underlying litigation is whether Mr. Daniel was an employee of Action Rentals and, if so, whether he was acting in the course of his employment at the time of the negligent act on February 24, 2016. This issue is significant because Plaintiff's insurance policy excludes "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law," including bodily injury to "[a]n employee of the insured arising out of and in the course of . . . "[e]mployment by the insured," or "[p]erforming duties related to the conduct of the insured's business." [D.E. 1-2].

Mr. Daniel filed his answer and affirmative defenses to Plaintiff's complaint on June 17, 2019. [D.E. 12]. Plaintiff moved to strike Mr. Daniel's affirmative defenses on July 8, 2019 but Mr. Daniel failed to file a timely response. [D.E. 18]. The Court then entered a paperless order on July 30, 2019 and required Mr. Daniel to show cause why the Court should not grant the motion by default. [D.E. 24]. Mr.

---

[2] The case is styled as *Jorge Daniel v. Steven Ramos and Adrian Leon*, Case No. 18-042397

2

Daniel responded to the Court's Order on July 30, 2019 [D.E. 25] and moved for an extension of time to file an amended answer and affirmative defenses. The Court granted Mr. Daniel's motion and denied as moot Plaintiff's initial motion to strike. [D.E. 26]. Mr. Daniel then filed an amended answer and affirmative defenses on July 31, 2019 [D.E. 27] and Plaintiff renews its motion to strike Mr. Daniel's defenses as being legally insufficient under Fed. R. Civ. P. 12(f). [D.E. 29].

## II.  APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

3

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec.*

4

*Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684.

### III. ANALYSIS

Plaintiff's motion seeks to strike Mr. Daniel's first, second, third, and sixth affirmative defenses. Mr. Daniel concedes, in his response, that some of his affirmative defenses are inadequate and agrees to withdraw his first affirmative defense. Mr. Daniel also agrees to amend his second and third affirmative defenses so that they constitute mere denials.[3] Mr. Daniel denies, however, that his sixth affirmative defenses is inadequate and contends that Plaintiff's motion, to this extent, must be denied. This means that the sixth affirmative defense is the only issue remaining for disposition. Therefore, Plaintiff's motion to strike Mr. Daniel's first, second, and third affirmative defenses is **DENIED as moot**.

Mr. Daniel's sixth affirmative defense states "[t]hat Defendant requests attorney's fees in this cause pursuant to sections 626.911, 626.9373, 627.428, Florida Statutes, and/or [any] other law should he prevail in this action." [D.E. 27].

---

[3] Mr. Daniel conferred with Plaintiff on the second and third affirmative defenses and states that Plaintiff does not oppose the proposed amendments.

5

Plaintiff argues that this defense must be stricken because it does not meet the definition of an affirmative defense. Plaintiff claims that "[a]n affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance," and that Mr. Daniel's request for attorneys' fees fails to meet this threshold. *Will v. Richardson–Merrell, Inc.,* 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis in the original). Plaintiff also contends that Mr. Daniel is not Plaintiff's insured and that, even if Mr. Daniel prevails in this case, he is not entitled to fees under any of the laws referenced in his answer. For these reasons, Plaintiff requests that the Court strike Mr. Daniel's sixth affirmative defense.

Before we consider the merits of the sixth affirmative defense, we note that the defense fails for an entirely separate reason because it fails to comply with Fed. R. Civ. P. 8. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). In fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard Co., LLC*, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses,* 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility

6

standard outlined in [Twombly and Iqbal] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); Justin Rand, *Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint*, 9 Fed. Cts. L. Rev. 79 (2016)).

On one hand, many courts have held that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *See also Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2 ("Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (citing *Merrill Lynch Bus. Fin. Serv.,* 2005 WL 975773, at *11) (citing *Microsoft Corp.,* 211 F.R.D. at 684); *see also Torres v. TPUSA, Inc.,* 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.,* 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *see also Home Mgmt. Solutions, Inc.* 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the

7

defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly,* 550 U.S. at 556 n.3).

On the other hand, some courts have held that the heightened pleading standard described in *Twombly* and *Iqbal* only applies to the allegations in complaints – not affirmative defenses. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta,* 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Blanc v. Safetouch, Inc.,* 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). The basis for these decisions stem from the differences between Rule 8(a) – which apply to the pleading of claims – and Rules 8(b) and (c) which apply to affirmative defenses.

In debating whether *Twombly* and *Iqbal* apply to affirmative defenses, many parties rely on the language in Rules 8(a) and 8(b). Rule 8(a) requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief," whereas Rule 8(b) requires that a party "*state* in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b) (emphasis added). Some parties have speculated that Rule 8(a) requires a party to "show" an entitlement to relief whereas Rule 8(b) merely requires a party to "state" an affirmative defense. *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162 (M.D. Fla. May 6, 2014) ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and

8

affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *see also Laferte*, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant."); *Owen,* 2016 WL 1465348, at *2 ("Applying different pleading standards recognizes the differences between these words; 'showing' requires some factual underpinnings to plead a plausible claim, while 'stating' contemplates that defendants can plead their defenses in a more cursory fashion."); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted).

The Court is persuaded – by three considerations – that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*. First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints. Plaintiff's reliance on a subtle difference in wording (i.e. "show" and "state") between Rule 8(a) and 8(b) is unpersuasive because

9

the purpose of pleading sufficient facts is to give fair notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case. This was the foundation for the decisions in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.

Second, "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant [or counter-defendant] under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at *3 (citation and internal quotation marks omitted).

When coupling the three considerations discussed above with the fact that a majority of courts have agreed with this position, we hold that there is no separate standard for complaints and affirmative defenses in connection with Rule 8. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to

affirmative defenses.") (citing *CTF Dev., \*1172 Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *7–8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses)).

Having established that *Twombly* applies to affirmative defenses, the sixth affirmative defense is inadequate because it merely states an entitlement to attorneys' fees and then references several statutes without any explanation as to how fees are appropriate. The sixth affirmative defense is also only one sentence long and fails to describe how any of the statutes apply to an entitlement of attorneys' fees. This means that the defense lacks the necessary factual support to comply with Rule 8, and fails to explain or give notice to Plaintiff as to how it applies to the facts of this case. This alone renders the sixth affirmative defense defective as a matter of law. *See Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014) (striking affirmative defense that "state legal doctrines or terms, but neither state how or why such defenses might apply to Plaintiff's claims, nor state facts in support of their application.").

The sixth affirmative defense is also defective because it is not presented as an affirmative defense. By definition, "an affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a prima facie case." *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D.

11

Ga. Oct. 2, 2014). "For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an affirmative defense." *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014) (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")). As the Sixth Circuit explained in *Ford Motor Co. v. Transport Indemnity Co.*, an affirmative defense presents an extraneous reason that helps a defendant avoid liability:

> An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.' On the other hand, some defenses negate an element of the plaintiff's prima facie case; these defenses are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c).

795 F.2d 538, 546 (6th Cir. 1986) (internal citations omitted).

Here, the sixth affirmative defense fails to negate any portion of Plaintiff's allegations because Mr. Daniel merely presents a remedy to the extent he prevails in this action. Mr. Daniel's response is also unpersuasive because he fails to rely on any authority that construes a request for attorneys' fees as an affirmative defense. Indeed, every case that the undersigned has reviewed has construed a request for attorney's fees as an improper affirmative defense. *See, e.g., WRCA Corp. v. Weichert Real Estate Affiliates, Inc.*, 2008 WL 11474826, at *1 (M.D. Fla. July 23, 2008) ("Plaintiff's request for attorney's fees is improperly framed as a[n] affirmative defense. However, Plaintiff may include a request for attorney's fees in

its prayer for relief."); *Ayers v. Consol. Const. Servs. of SW Fla., Inc.*, 2007 WL 4181910, at *2 (M.D. Fla. Nov. 26, 2007) ("A request for attorney's fees if defendant prevails does not respond to the allegations of the complaint and does not raise any facts to vitiate plaintiff's claims. Therefore, it is not a viable defense. The motion to strike will be granted as to this portion of the seventeenth affirmative defense."). Accordingly, Plaintiff's motion to strike Mr. Daniel's sixth affirmative defense is **GRANTED**.[4]

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike [D.E. 29] is **GRANTED in part and DENIED in part**:

A. Plaintiff's motion to strike Mr. Daniel's first, second, and third affirmative defenses is **DENIED as moot**.

B. Plaintiff's motion to strike the sixth affirmative defense is **GRANTED**.

C. Any amended answer shall be filed within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of September, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[4] The grant of this motion, of course, does not adjudicate the ultimate issue of fees that may be timely presented after judgment.