United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Tokio Marine Specialty Insurance Company, Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-22069-Civ-Scola |
| Steven Ramos and others, Respondents. | ) ) ) | |

### Order on Motion for Summary Judgment

Now before the Court is the Petitioner Tokio Marine Specialty Insurance Company's ("Tokio Marine") motion for summary judgment. (ECF No. 81.) For reasons stated below, the Court **grants in part** the Petitioner's motion for summary judgment. (**ECF No. 81**.)

### I.  Background

Tokio Marine seeks declaratory relief, pursuant to 28 U.S.C. § 2201, asking the Court to determine the scope of Tokio Marine's obligations, if any, to defend and indemnify Action Rentals, LLC ("Action Rentals"), Steven Ramos[1], Adrian Leon and Bruno Ramos for the claims asserted against them in *Odalys Febles as next friend and guardian of Jorge Daniel, and Odalys Febles, individually v. Steven Ramos, Adrian Leon, Bruno Ramos, John Does #1, John Doe #2, John Does #3, Ahern-Plummer, Inc., 4111 Lejeune Road, Inc., Addition Acquisitions, LLC, BEA Architects, Inc., and Action Rentals, LLC*, Case No. 2018-042397-CA-08, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Underlying Action"). (ECF No. 80, ¶ 1.)

In the Underlying Action, Jorge Daniel sued Action Rentals and various individuals affiliated with Action Rentals, including Steven Ramos, Adrian Leon, and Bruno Ramos for injuries he suffered as the result of a forklift accident at Action Rentals's yard on February 13, 2016. Mr. Daniel alleges that while he was acting in the scope of his employment and supervising work in the Action Rentals

---

[1] On October 15, 2019, a Clerk's default was entered against Steven Ramos. (ECF No. 41.) On October 29, 2019, Tokio Marine filed a notice of joint liability as to Steven Ramos (ECF No. 45), pursuant to the Court's order on default judgment procedure (ECF No. 42.) In its notice, Tokio Marine requested "that whatever declaration is entered as to the remaining Respondents . . . be binding on Mr. Ramos as well" and that the Court withhold entry of default with respect to Steven Ramos "until a final declaration has been entered by the Court in this litigation as to the remaining Respondents." (ECF No. 45, at 2.)

yard, Respondent Adrian Leon improperly operated a forklift which caused a large item to fall and cause injury to Mr. Daniel. (ECF No. 80, at ¶¶ 32-35.) Since being injured in the forklift accident, Mr. Daniel has been claiming and receiving workers' compensation benefits. (ECF No. 80, at ¶ 36.)

There are two policies at issue between Tokio Marine and Action Rentals: 1) a commercial general liability policy numbered PPK1435429, effective from December 31, 2015 to December 30, 2016; and 2) a commercial excess liability policy numbered PUB525554, effective over the same time period (collectively, the "Policies"). (ECF No. 80, ¶ 2.) Pursuant to the Policies between Tokio Marine and Action Rentals, Tokio Marine is providing a defense for Action Rentals, Steven Ramos, Adrian Leon, and Bruno Ramos in the Underlying Action, pursuant to a full reservation of rights. (ECF No. 80, at ¶ 37.) The parties do not contest that Steven Ramos, Adrian Leon, and Bruno Ramos are insureds under the Policies. (ECF No. 80, at ¶ 3.)

The commercial general liability policy requires Tokio Marine to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (ECF No. 80, at ¶ 4.) Under the policy, Tokio Marine has the right and duty to defend against any suit seeking damages but has no such duty if the conduct giving rise to the suit is outside the scope of the commercial general liability policy. (ECF No. 80, at ¶ 4.) The policy contains certain exclusions to coverage, including exclusions for: 1) "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured"; 2) "any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law . . ."; or 3) 'bodily injury' to [a]n 'employee' of the insured arising out of and in the course of [e]mployment by the insured; or [p]erforming duties related to the conduct of the insured's business." (ECF No. 80, at ¶ 5.) The third employer's liability exclusion applies "whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury." (ECF No. 80, at ¶ 5.) The commercial general liability also has a co-employee exception which details that "'employees', other than . . . your managers (if you are a limited liability company)" are insureds if they are acting "within the scope of their employment" except such employees are *not* insureds for instances of "'bodily injury' . . . to a co-'employee' while in the course of his or her employment." (ECF No. 59-1, at 28.) Finally, the policy has a separation of insureds provision, which provides "this insurance applies [a]s if each Named Insured were the only Named Insured; and [s]eparately to each insured against whom a claim is made or 'suit' is brought." (ECF No. 59-1, at 30.)

The excess policy provides, in pertinent part, that "coverage provided under this policy will not be broader than that provided by the [commercial general liability policy] and if coverage does not exist under the [commercial general liability policy] coverage shall not exist under this policy." (ECF No. 80, at ¶ 7.) Based on this language, it appears the scope of the excess policy is coterminous with the scope of the commercial general liability policy.

In bringing this action, Tokio Marine asks the Court for eight counts of declaratory relief: Counts I-IV ask the Court to find that Tokio Marine has no duty to defend or indemnify Steven Ramos, Adrien Leon or Bruno Ramos under the commercial general liability policy or excess policy and Counts V-VIII ask the Court to find that Tokio Marine has no duty to defend or indemnify Action Rentals under the commercial general liability policy or excess policy.

## II.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d

1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

Under circumstances where "more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990)

## III. Legal Standard

### A. Standard for Interpreting Insurance Policy Provisions

The interpretation of contracts, such as insurance policies, is a question of law for the Court. *Reesey v. Fed. Emergency Mgmt. Agency*, No. 13-60488-Civ, 2013 WL 12086662, at *2 (S.D. Fla. July 9, 2013) (Scola, J.) Ordinary contract principles govern the interpretation of insurance policies. *ABCO Premium Fin. LLC v. Am. Int'l Grp., Inc.*, 11-23020-Civ, 2012 WL 3278628, at *3 (S.D. Fla. Aug. 9, 2012) (Scola, J.). Where a contract is clear and unambiguous and does not involve any absurdities or contradictions, it is the best evidence of the parties' intent. *Id.* (internal quotations omitted). Contracts and insurance policies should be construed in accordance with their plain language. *Id.* Only where there is a genuine inconsistency, uncertainty, or ambiguity may a court interpret a policy against the insurer and in favor of coverage. *Id.* (internal quotations omitted). That an insurance policy requires analysis for comprehension does not mean that it is ambiguous. *Id.* (internal quotations omitted).

### B. Duty to Defend

Under Florida law, an insurer's duty to defend an insured "'depends *solely* on the facts and legal theories alleged in the pleadings and claims against the insured.'" *Steadfast Ins. Co. v. Celebration Source, Inc.*, 240 F. Supp. 3d 1295, 1302-03 (S.D. Fla. 2017) (Scola, J.) (emphasis in original) (quoting *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014). Accordingly, if the pleaded facts do not fall within a policy's coverage, there is no duty to defend. *Id.* at 1303. To make a determination as to the insurer's duty to defend, the Court must apply the language of the policy to the facts of the underlying complaint. *Id.* Any doubts regarding the duty to defend must be resolved in favor of the insured. *Jones v. Fl. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005).

### C. Duty to Indemnify

Unlike the duty to defend, "'which is generally triggered by the allegations in the underlying complaint, an insurance company's duty to indemnify an insured party is narrower and is determined by the underlying facts adduced at trial or developed through discovery during the litigation.'" *Health First, Inc. v. Capitol Ins. Corp.*, 747 F. App'x 744, 749 (11th Cir. 2018). While the duty to defend arises as soon as a relevant claim is made based on the facts and legal theories alleged in the pleadings, the duty to indemnify is based on the actual facts, not only those that were alleged in the state court complaint. *Id.* As the duty to defend is broader than the duty to indemnify, "Florida Courts have recognized that a duty to indemnify cannot exist if there is no duty to defend." *Id.* at 750.

### D. Separation of Insureds

Where, as here, the Policies have a "separation of insureds" provision, the policies in question "create separate insurable interests in each individual insured under [the] policy, such that the conduct of one insured will not necessarily exclude coverage for all other insureds." *Evanston Ins. Co. v. Design Build Interamerican, Inc.*, 569 F. App'x 739, 742 (11th Cir. 2014). In interpreting separation of insureds provisions like the one here, the Eleventh Circuit has said that courts "must interpret this language as requiring that each insured has separate insurance coverage . . . and therefore read all provisions of the policy, including" certain exclusions as if coverage is only for each insured. *Id.* at 743. Put another way, policies must be read individually with respect to each insured. For instance, here, the Court must determine how the Policies apply to Action Rentals as an insured, Adrian Leon as an insured, and so on.

## IV.   Analysis

### A. Concession of Arguments

At the outset, the Court notes that it appears the Respondents have failed to respond in any way to the Petitioner's arguments in support of its motion for summary judgment with respect to Actional Rentals, LLC. In its motion for summary judgment, Tokio Marine argues it has no duty to defend or indemnify Action Rentals under the commercial general liability policy or the excess policy because of the Policies' workers' compensation exclusion and because of the employer's liability exclusion. (ECF No. 81, at 8-11.) Specifically, Tokio Marine argues that courts have "consistently enforced the workers' compensation exclusion to preclude coverage under liability policies for bodily injury claims by employees . . . arising out of the scope of employment." (ECF No. 81, at 9.) As a

result, the Petitioner argues that the Policies' workers' compensation exclusion "applies as a matter of law to preclude coverage for the claims against Action Rentals." (ECF No. 81, at 11.) Moreover, Tokio Marine argues that because the complaint in the underlying action "specifically alleges that Action Rentals 'employed plaintiff' and that Daniel's injuries arose out of and occurred in the course of his employment for Action Rentals" Tokio Marine owes no duty to defend or indemnify Action Rentals under the employer's liability exception. (ECF No. 81, at 11-13.)

The Respondents do not contest either of these arguments—in fact they barely make mention of Action Rentals in their opposition. In reviewing the Respondents' opposition, other than stating the paper is being filed on Action Rentals's behalf, it appears there is only one mention of Action Rentals in the body of Respondents' opposition, stating what is otherwise an undisputed fact, which is that "Action Rentals, LLC, is identified as a named insured" under the Policies. (ECF No. 86, at 5.) Rather, than advancing substantive arguments relating to Action Rentals, the Respondents' opposition focuses solely on whether Tokio Marine has a duty to defend and indemnify Adrian Leon and Bruno Ramos. (*See, generally*, ECF No. 86.) Even had the Respondents advanced arguments in support of Action Rentals, the Court notes that it finds Tokio Marine's arguments with respect to Action Rentals compelling.

When a party fails to respond "to any portion or claim in a motion" it is appropriate for the Court to find "such argument or claim [has been] abandoned." *Jones v. Bank of Am., N.A.*, 564 Fed. App'x 432, 434 (11th Cir. 2020). In reviewing the parties' briefing on Tokio Marine's motion for summary judgment, the Court finds that the Respondents have abandoned their claims that Tokio Marine owes a duty to defend and indemnify to Action Rentals under the Policies. The Court therefore grants Tokio Marine's motion for summary judgment with respect to Counts V through VIII.

### B. Adrian Leon and Steven Ramos

The parties agree that Jorge Daniel, Adrian Leon, and Steven Ramos were Action Rentals employees at the time of Mr. Daniel's accident. (ECF No. 80, at ¶ 25.) The Policies at issue plainly provide, pursuant to a co-employee exception, that employees of Action Rentals are insureds, generally speaking, when they are acting "within the scope of their employment," but notes they are *not* insureds with respect to "'bodily injury' . . . to a co-'employee'" that occurs "while in the course of his or her employment or performing duties related to the conduct" of the business. (ECF No. 59-1, at 27.) In light of this co-employee exception and that the parties do not contest that Daniel, Leon, and Ramos were

co-employees the Court finds that Tokio Marine has no duty to defend or indemnify Leon or Ramos in light of the Policies' co-employee exception.

The Court notes for sake of completeness, that it is clear that Mr. Daniel's injury occurred in the course of each of Daniel's, Leon's, and Ramos's employment, consistent with the co-employee exception. Whether an "injured workman is an employee whose injury arose out of and in the scope of his employment is ordinarily a question of fact to be resolved by the trier of fact." *Scottsdale Ins. Co. v. GFM Operations, Inc.*, 789 F. Supp. 2d 1278, 1285 (S.D. Fla. 2011) (King, J.). A fact question exists "even where the facts are undisputed, if more than one inference may be reasonable drawn from the undisputed facts." *Id.* at 1285-86. Upon a review of the undisputed facts, it is clear that Mr. Daniel's injury occurred while he and Adrian Leon were working within the scope of their employment on February 13, 2016. Indeed, at the time of the incident, "Jorge Daniel was a servicing yard manager with responsibilities including . . . making sure that the yard was operating properly." (ECF No. 80, at ¶ 26.) Mr. Daniel "would often work on Saturdays when the yard was open to oversee the staff that was working and Action Rentals' management expected Daniel to be there to supervise on Saturdays." (ECF No. 80, at ¶ 28.) The morning Mr. Daniel was injured, he was working in the Action Rentals yard "performing Saturday morning cleanup with his crew and . . . 'overseeing three (3) yard/service technicians, and stacking materials and dunnage'." (ECF No. 80, at ¶ 30.) The crew being overseen by Mr. Daniel "was getting ready to load a truck for delivery to an Action Rentals' customer in furtherance of Action Rentals' business and were moving materials with a forklift." (ECF No. 31.) Mr. Leon was "operating the forklift . . . when the incident occurred." (ECF No. 80, at ¶ 34.)

In light of the applicability of the co-employee exception to Leon and Steven Ramos[2], the Court grants Tokio Marine's motion for summary judgment on Counts I-IV with respect to Adrian Leon and Steven Ramos.

---

[2] After Steven Ramos failed to respond to Tokio Marine's complaint, the Clerk enter defaulted against Mr. Ramos. (*See* ECF Nos. 41 (Clerk's Default); 45, at 2 (Notice of Joint Liability).) The effect of a Clerk's default is that all of Tokio Marine's well-pleaded allegations are deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The record supports Tokio Marine's argument that Steven Ramos was an employee of Action Rentals around the time of Mr. Daniel's injury and neither party has pointed the Court to information suggesting that Steven Ramos did not have some role in Mr. Daniel's injury. (ECF No. 66, at ¶ 26 ("[Action Rentals] admits that Steven Ramos was an employee of [Action Rentals] on or about February 24, 2016."); *see, e.g.*, ECF No. 59-2, at ¶ 18 ("at all times material to this action, [Steven Ramos] controlled, maintained, occupied, operated, owned, renovated, repaired, and/or was otherwise responsible for the premises or equipment located at or near [Action Rentals] and [Steven Ramos] actively participated in and/or controlled the activities being performed on the premises.").) Given Tokio Marine's well-pleaded allegations, adoption of facts in the Underlying Action, and Steven Ramos's failure to respond to this action, the Court grants Tokio Marine's motion for summary judgment with respect to Steven Ramos on Counts I-IV of their complaint.

### C. Bruno Ramos

Having found Tokio Marine owes no obligations to defend or indemnify Action Rentals, Adrian Leon, or Steven Ramos under the Policies, the Court next turns to Tokio Marine's obligations with respect to Bruno Ramos. In Tokio Marine's statement of undisputed facts (to which the Respondents filed no response as required by Local Rule 56.1(b)) and Tokio Marine's briefing, Tokio Marine describes Bruno Ramos as an employee of Action Rentals. (ECF Nos. 80, at 2; 81, at 2 n.1.) While Local Rule allows uncontroverted facts to be deemed admitted by a court at the summary judgment stage, the Court may only do so if such facts are supported by evidence in the record. *Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012) (Goodman, Mag. J.). Here, the Court finds that the record does not support that Bruno Ramos was merely an employee of Action Rentals. Rather, it appears from the record that Bruno Ramos, at the time of Mr. Daniel's injury, was a member, or owner, of the Action Rentals, LLC. (*See* ECF No. 78-1 (Bruno Ramos Dep. Tr.), at 8:21-9:6; ECF No. 78-2 (Adrian Leon Dep. Tr.), at 57:2-19; ECF No. 78-3 (Miguel Daniel Dep. Tr.), at 40:8-14; ECF No. 78-4 (Juan Valdes Dep. Tr.), at 7:22-24.)

Under the Policies, Action Rentals's members are treated differently from employees. The Policies provide that members "are also insureds, but only with respect to the conduct" of Action Rentals's business. (ECF No. 59-1, at 26.) As the co-employee exception only applies to "employees" of the LLC and makes no mention of its applicability to members, the Court finds that Bruno Ramos is not exempted from coverage under the Policies pursuant to the co-employee exception.

Nonetheless, Tokio Marine may have no obligation to defend or indemnify Bruno Ramos if the Court finds that the Policies' workers' compensation, employer's liability, or expected or intended injury exceptions apply to Bruno Ramos. Interpreting the Policies in light of their separation of insured provisions, the Court finds that none of these exceptions apply to Bruno Ramos. Specifically, the separation of insureds provision requires the Court to construe each exclusion at it pertains to Bruno Ramos's individual insured interest by substituting Bruno Ramos wherever the exceptions in the Policies state "insured." Upon review of the Policies, it is clear that Bruno Ramos does not fit these exceptions as under the workers' compensation exception he does not have an obligation to Mr. Daniel under a workers' compensation law, and under the employer's liability exception it is Action Rentals and not Bruno Ramos who is Mr. Daniel's employer (*see Alamo-Cruz v. Evanston Ins. Co.*, 369 F. Supp. 3d 1277, 1281-82 (S.D. Fla. 2018) (Williams, J.)).

The final exception at issue under the Policies is the expected or intended injury exception. Under the expected or intended injury exception, Bruno Ramos would be excluded from coverage under the Policies if Mr. Daniel's injury would be "expected or intended from the standpoint of" Bruno Ramos. An injury is considered expected or intended if an insured's actions "were so inherently dangerous" that it is "virtually certain" that the conduct at issue would cause the injuries in question. *Catlin Syndicate 2003 v. Rinkus*, 43 F. Supp. 3d 1255, 1260-61 (S.D. Fla. 2012) (Middlebrooks, J.). The "mere knowledge and appreciation of a risk—even the strong probability of a risk—will come up short." *Id.* at 1260.

Here, the Court finds that Tokio Marine has failed to allege that Bruno Ramos knew of conditions that were so inherently dangerous that Mr. Daniel's injury was virtually certain. While Tokio Marine points to Mr. Daniel's complaint which alleges Bruno Ramos "acted with willful and wanton disregard, unprovoked physical aggression or with gross negligence towards Plaintiff" and "committed illegal acts" in support of their assertion that Bruno Ramos was virtually certain that injury would befall Mr. Daniel, the Court finds that the alleged risk caused by improperly loading and operating forklift is not so inherently dangerous as to cause virtually certain (or even strongly probable) injury sufficient to alleviate Tokio Marine from its duty to defend and indemnify Bruno Ramos. The allegations in the complaint of the Underlying Action do not rise to the level of conduct at issue, for instance in *Catlin* which is relied upon by Tokio Marine, where the underlying complaint alleged that an insured caused one if its employees to operate a high-altitude crane in the middle of hurricane strength winds, ultimately causing injury to the employee.

As Bruno Ramos does not fall within any of the exceptions under the Policies, the Court declines to grant Tokio Marine's motion for summary judgment on Counts I-IV with respect to Bruno Ramos.

## V.   Conclusion

For reasons stated above, the Court **grants in part** Tokio Marine's motion for summary judgment. (**ECF No. 81**.) The Court grants the motion on Counts I-IV with respect to Adrian Leon and Steven Ramos and also grants the motion on Counts V-VIII in their entirety. The Court denies the motion on Counts I-IV to the extent they seek relief regarding Bruno Ramos.

**Done and ordered** at Miami, Florida on November 5, 2020.

Robert N. Scola, Jr.
United States District Judge